UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22093-GAYLES

JESSIE WIMSY JONES,

    Plaintiff,

vs.

OFFICER N. LEE, *et al*.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITH PREJUDICE

THIS CAUSE is before the Court upon Plaintiff Jessie Wimsy Jones' ("Plaintiff") *pro se* Complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1]. Plaintiff is a prisoner incarcerated at the Martin Correctional Institution,[1] and he has failed to pay the filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the Complaint is subject to dismissal pursuant to the "three-strikes" rule of 28 U.S.C. § 1915(g) and, alternatively, because it is frivolous pursuant to § 1915A.

### I.  DISMISSAL UNDER THE "THREE STRIKES" RULE OF 28 U.S.C. § 1915(g)

Title 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Although Plaintiff states in his Complaint that he is incarcerated at the South Florida Reception Center, a records check with the Florida Department of Corrections reveals that Plaintiff is currently housed at the Martin Correctional Institution. *See* http://www.dc.state.fl.us/OffenderSearch/Search.aspx.

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007). The proper procedure for a district court faced with a prisoner who is barred by the three strikes provision is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id.* (stating that "a prisoner must pay the full filing fee at the time he *initiates* suit" (emphasis in original)).

A review of Plaintiff's litigation history reveals that the last civil rights complaint he filed in this district was dismissed under the three-strikes rule. *See Jones v. S.F.R.C., et al.*, No. 21–cv–20421–ALTONAGA, Order of Dismissal, ECF No. 4 (S.D. Fla. Apr. 22, 2021).[2] Because Plaintiff is a three-striker, his Complaint must be dismissed unless he can demonstrate that he qualifies under the "imminent danger of serious physical injury" exception to § 1915(g). To qualify under the imminent danger exception, the Eleventh Circuit requires a pleading of "specific allegations of present imminent danger that may result in serious physical harm." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). Here, Plaintiff's Complaint is rambling and incoherent and does not allege any imminent danger.

## II. DISMISSAL AS FRIVOLOUS UNDER 28 U.S.C. § 1915A

Although Plaintiff's Complaint is subject to dismissal without prejudice under the three-strikes rule, the Court may instead "choose to dismiss a struck-out prisoner's case on the merits with prejudice, even if the prisoner failed to pay the filing fee." *White v. Lemma*, 947 F.3d 1373,

---

[2] In that that order, the court stated: "The Court takes judicial notice of the following "strikes" pursuant to Federal Rule of Evidence 201: *Jones v. Fla. Dep't of Corr.*, No. 19-21700-Civ, 2019 WL 6324563 (S.D. Fla. Nov. 26, 2019) (dismissing section 1983 complaint for failure to state a claim and failure to comply with court orders); *Jones v. Silva*, No. 19-21133-Civ, 2019 WL 11690488 (S.D. Fla. May 10, 2019) (dismissing section 1983 complaint for failure to state a claim); *Jones v. Phillipe*, No. 08-20552-Civ [ECF No. 53] (S.D. Fla. July 7, 2009) (dismissing section 1983 complaint without prejudice pursuant to 42 U.S.C. section 1997e(a) for failure to exhaust administrative remedies).

1379 (11th Cir. 2020) ("though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead."). Here, the Court chooses in its discretion to dismiss Plaintiff's Complaint *with* prejudice under 28 U.S.C. § 1915A because it is frivolous.

Plaintiff has not paid the filing fee nor has he filed a motion for leave to proceed *in forma pauperis*. Nonetheless, the Court must screen the Complaint under § 1915A because Plaintiff is a prisoner who has filed suit against government employees. *See Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) ("The plain language of [§ 1915A], however, indicates that it applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."). Section 1915A(b) requires a court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." A complaint is "frivolous" where the factual allegations are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations include those "describing fantastic or delusional scenarios." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke*, 490 U.S. at 325–28) (stating that a court may dismiss a claim as frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). A court may dismiss a claim with prejudice and without leave to amend where the claim is frivolous and any amendment would be futile. *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013).

Here, Plaintiff's factual allegations "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. His Complaint contains numerous incomprehensible allegations, such as "I am a billionair (sic) at this South Florida Reception Center Inst. In I had notified this Government Donald J. Trump, staff member about my motion for a post-conviction relief …"

[ECF No. 1 at 3]. *See United States v. True,* No. 6:02–CV–951–ORL19JGG, 2003 WL 21254889, at *1 (M.D. Fla. 2003) (affirming summary denial of defendants' motion to dismiss because it was written in incomprehensible gibberish) (citing *Crain v. C.I.R.,* 737 F.2d 1417, 1418 (5th Cir. 1984) (affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and stating that Court should not have been put to the trouble of "adjudicating" the meritless appeal)). As such, the Complaint is subject to dismissal as frivolous under § 1915A.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE** and this case **CLOSED**.

**DONE AND ORDERED in Chambers at Miami, Florida, this Monday, July 19, 2021.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: **Jessie W. Jones**
    M24331
    Martin Correctional Institution
    1150 S.W. Allapattah Road
    Indiantown, Florida 34956-4397
    PRO SE